UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DANIEL LAVERGNE** | **CASE NO. 2:24-CV-00126 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **TIMOTHY JOHNSON** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Presently before this Court are the original and amended *pro se* complaints filed pursuant to 42 U.S.C. §198 by plaintiff Daniel Lavergne who is proceeding *in forma pauperis* Docs. 1, 4. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections and is currently incarcerated at Allen Correctional Center in Kinder, Louisiana. He brings a claim against Col. Timothy Johnson and seeks monetary damages as well as release from jail.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reason it is recommended that the complaint be **DISMISSED WITH PREJUDICE**.

I.   **Background**

Plaintiff complains that on September 8, 2023, defendant Johnson approached him, asked him to stand up, then placed handcuffs on plaintiff. Doc. 4, p. 3. He was then taken to lockdown and sprayed with chemical agents and punched in the chest. *Id*. He asserts he has been held for six (6) months on false charges and mistaken identity. *Id*. at p. 4. He seeks monetary damages and immediate release from prison. *Id*.

## II. Law and Analysis

### a. Frivolity Review

Lavergne has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### b. Monetary Damages

While plaintiff alleges that he was sprayed with a chemical agent and punched in the chest, he does not state that he suffered any physical injury. 42 U.S.C. § 1997e(e) provides, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (citing *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997). On several occasions, courts have held the normal effects of being sprayed with pepper spray are *de minimis*. See, e.g., *Martinez v. Day*, 639 F.App'x 278 (5th Cir.

2016) (affirming district court decision that simply being pepper sprayed, without some long term effects, is a *de minimis* injury). Accordingly, plaintiff is not entitled to any monetary damages.

    **c. Release from Prison**

The gravamen of plaintiff's complaint appears to be that he is being illegally confined, and he requests immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a habeas corpus action. To the extent he maintains his custody is pursuant to the judgment of a state court, he must seek relief in a petition for habeas corpus pursuant to 28 U.S.C. §2254; to the extent he otherwise claims his incarceration is in violation of the Constitution and laws of the United States, he must seek relief in a petition filed pursuant to 28 U.S.C. §2241. In either case, he must first exhaust available state court remedies by fairly presenting the substance of his Constitutional claims to Louisiana's court system.

**III.  Conclusion and Recommendation**

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that all pending motions be **DENIED** as **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 12th day of September, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE